# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

ANTHONY M. GREEN,
ADC #138722                                                                                              PLAINITFF

V.                              NO. 3:23-cv-00072-BRW-ERE

WALKER                                                                                                   DEFENDANT

## RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

   **A.  Background**

Plaintiff Anthony M. Green, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Mr. Green alleges that, on March 6, 2023, Nurse Walker was deliberately indifferent to his serious medical needs. He claims that he suffers from high blood pressure and,

on the date in question, he began to feel dizzy. When an ADC officer notified Nurse Walker about the situation, she allegedly told an officer "if his chest is not hurting to put in a sick call." *Id.* at 4. Mr. Green alleges that, as a result of Nurse Walker's failure to provide him immediate medical treatment, "the left side of my brain could have burst." *Id.* at 5. He seeks monetary damages.

For the following reasons, Mr. Green's claims should be dismissed for failure to state a plausible constitutional claim for relief.

## B.  Analysis

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Green has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot

simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019). Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

In addition, an inmate's disagreement with treatment decisions cannot support a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018). An inmate has no right to a particular or requested course of treatment, and a mere difference of opinion over matters of expert medical judgment or the course of treatment does not amount to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997).

Assuming Mr. Green's allegations to be true, while Nurse Walker may have acted negligently in failing to immediately respond to Mr. Green's request for medical treatment, her alleged conduct fails to rise to the level of a constitutional violation. Based on these facts, Mr. Green has failed to allege that: (1) he suffered from an objectively serious medical need;[1] (2) Nurse Walker's actions were even arguably criminally reckless; or (3) he suffered any injury as a result of Nurse Walker's conduct. As a result, he has failed to state a plausible constitutional claim for relief.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Green's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

---

[1] A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

Dated this 4th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE